UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS KUTTERER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO COUNTY JAIL, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-0772 DB P<br><br><br>ORDER |

Plaintiff is a county jail inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was subjected to sexual harassment based on a comment made by defendant. Presently before the court is plaintiff's motions to proceed in forma pauperis (ECF Nos. 2, 5) and his amended complaint (ECF No. 4) for screening. For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF Nos. 2, 5.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## SCREENING

### I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Before the court had an opportunity to screen the original complaint (ECF No. 1), plaintiff filed an amended complaint (ECF No. 4). Because an amended complaint supersedes any prior complaint, Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015), the court will screen the amended complaint.

Plaintiff has alleged the events giving rise to the claim occurred while plaintiff was in the custody of Solano County. (ECF No. 4 at 1.) Plaintiff has identified correctional officer Azanza[1] as the sole defendant in the amended complaint.

Plaintiff alleges that on March 18, 2021 officer Azanza confiscated a book called "Johnny Tattoo Bible" that had been cleared by custody. (Id. at 3.) When asked why he took the book, Azanza indicated that it was because the book depicted a naked cartoon and made a comment regarding the size of plaintiff's genitals. Plaintiff indicates the statement was made in front of other inmates and that Azanza laughed after making the statement. Plaintiff alleges he suffered from "major depr[e]ssion stress and anxiety" as a result. (Id.)

### III.  Does Plaintiff State a § 1983 Claim?

#### A.  Eighth Amendment[2]

The Eighth Amendment prohibits cruel and unusual punishment of a person convicted of a crime. U.S. Const. amend. VIII. "The Constitution [] 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citations omitted) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 349). Whether a specific act constitutes cruel and unusual punishment is measured by "the evolving standards of decency that mark the progress of a maturing society." Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958) (plurality opinion)). In evaluating a prisoner's claim, courts consider whether "'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a

---

[1] Plaintiff has identified this defendant as "Azana" and on the court's docket the defendant is identified as "Anaza." However, in exhibits filed by plaintiff it appears that the correct spelling of this defendant's name is Azanza. (See ECF No. 9.) Accordingly, the court will refer to this defendant as Azanza.

[2] The court has analyzed plaintiff's claim under the Eighth Amendment because plaintiff stated in the original complaint that he is serving a sentence in the custody of Solano County. (See ECF No. 1 at 3.) However, if he is presently a pretrial detainee, he should indicate such status if he chooses to file an amended complaint.

constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quoting Wilson, 501 U.S. at 298, 303).

While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the latter to be in violation of the constitution." Minifield v. Butikofer, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citing Schwenk v. Hartford, 204 F.3d 1187, 1198 (9th Cir. 2000)); see also Blacher v. Johnson, 517 Fed. Appx. 564 (9th Cir. 2013) ("district court properly dismissed [plaintiff's] claim of sexual harassment because the Eighth Amendment's protections do not extent to mere verbal sexual harassment") (citation omitted); Somers v. Thurman, 109 F.3d 614, 624 (9th Cir. 1997) ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd."); Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right").

"A prisoner may state an Eighth Amendment claim under § 1983 for sexual harassment only if the alleged harassment was sufficiently harmful, that is, a departure from 'the evolving standards of decency that mark the progress of a maturing society,' and the defendant acted with intent to harm the prisoner." Minifield, 298 F. Supp. 2d at 903 (quoting Thomas v. District of Columbia, 887 F. Supp. 1, 3-4 (D.D.C. 1995)).

The allegations fail to state a claim under the Eighth Amendment. Plaintiff's allegation that defendant Azanza confiscated a book and made a comment regarding the size of plaintiff's genitals fails to rise to the level of an Eighth Amendment violation. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (harassment in the form of vulgar language directed at an inmate is not cognizable under § 1983). Accordingly, the court will dismiss the complaint.

**B. Amending the Complaint**

As set forth above, the amended complaint fails to state a claim. However, the court will give plaintiff the option to file an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated

his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## MOTION FOR PHONE CALLS

Plaintiff has filed a motion asking the court to ensure he has the ability to receive phone calls to communicate with "the doctor" and would like to get "the correct documents [he] need[s] to pursue" his case. (ECF No. 8.) The relief requested is not related to the claim presented in the amended complaint. Accordingly, the court will deny the motion without prejudice. To the extent that plaintiff believes he is not receiving proper telephone privileges he is encouraged to pursue the issue internally at the facility where he is presently incarcerated.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to proceed in forma pauperis (ECF Nos. 2, 5) are granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.
3. Plaintiff's amended complaint (ECF No. 4) is dismissed with leave to amend.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

////
////
////
////

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  August 24, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/kutt0772.scm